IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**CHAIYLA DAVIS**                                                        **PLAINTIFF**

vs.                          No. 2:22-cv-152-DLB-EBA

**LARA, INC., and ARMINA LEE**                           **DEFENDANTS**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT**

Plaintiff Chaiyla Davis ("Plaintiff"), by and through undersigned counsel, for her First Amended and Substituted Complaint ("Complaint") against Defendants Lara, Inc., and Armina Lee (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.    PRELIMINARY STATEMENTS**

1. Plaintiff brings this action against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper minimum and overtime compensation under the FLSA.

3. The purpose of this First Amended and Substituted Complaint is to remove the collective action allegations.

**II.    JURISDICTION AND VENUE**

4. The United States District Court for the Eastern District of Kentucky has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Kentucky.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kentucky has personal jurisdiction over Defendants, and Defendants therefore "reside" in Kentucky.

7. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Covington Division of the Eastern District of Kentucky. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

8. Plaintiff is an individual and resident of Kenosha County, Wisconsin.

9. Separate Defendant Lara, Inc., ("Lara"), is a domestic, for-profit corporation.

10. Lara does business as Brass Ass Lounge.

11. Lara's registered agent for service of process is Armina Lee at 646 Linden Avenue, Newport, Kentucky 41071.

12. Separate Defendant Armina Lee ("Lee") is an individual and resident of Campbell County.

### IV.   FACTUAL ALLEGATIONS

13. Defendants own and operate an adult entertainment club that does business as Brass Ass Lounge.

14. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

15. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. Lee is a principal, director, officer, and/or owner of Lara.

17. Lee took an active role in operating Lara and in the management thereof.

18. Lee, in her role as an operating employer of Lara, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Lee, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's work entailed.

20. Defendants are an "employer" within the meanings set forth in the FLSA and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

22. Plaintiff was employed at Defendants' club in Newport, Kentucky, called Brass Ass Lounge ("the Club").

23. Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

24. Specifically, Defendants employed Plaintiff as a Dancer from approximately October of 2019 until April of 2021.

25. Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

26. Plaintiff performed stage dances and lap dances on Defendants' premises.

27. Defendants directly hired Plaintiff, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

28. Plaintiff did not financially invest in Defendants' business.

29. Plaintiff did not share in Defendants' profits or losses.

30. Defendants, not Plaintiff, set prices for lap dances and private dances.

31. Defendants determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

32. Defendants, not Plaintiff, decided whether and how many Dancers to hire.

33. Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

34. Plaintiff did not select any employees for hire, nor did she have any ability to fire employees.

35. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

36. Defendants set the Club's policies and rules and had complete control over the venue.

37. Defendants required Plaintiff to follow the Club's policies and rules.

38. Defendants made decisions on advertising Defendants' business without Plaintiff's input.

39. Defendants failed to pay Plaintiff the applicable minimum wage for all hours worked.

40. Upon information and belief, Defendants did not pay Plaintiff an hourly or salary rate.

41. Defendants did not pay Plaintiff any wage at all.

42. Plaintiff received tips from Defendants' customers.

43. Plaintiff was required to share her tips with Defendants, the "House Mom," bouncers, DJs and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

44. The tips which Plaintiff was allowed to keep constituted the entirety of her pay.

45. Defendants regularly "fined" Plaintiff for arriving late or missing a shift.

46. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

47. Plaintiff worked over 40 hours in some weeks while employed by Defendants within the past three years.

48. Plaintiff is entitled to wages and compensation based on the standard minimum wage for all hours worked.

49. Plaintiff is entitled to 1.5x her regular hourly rate for hours worked over 40 each week.

50. Plaintiff performed all of her work as a Dancer on Defendants' premises.

51. Plaintiff reported when she arrived for a shift to the bartender or the person working in the office at the Club.

52. Defendants knew or should have known that Plaintiff was working hours for which she was not paid a lawful minimum wage or overtime premium.

53. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

54. Defendants knew or should have known that Plaintiff did not receive a lawful minimum wage for all hours worked.

55. Defendants knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

56. The net effect of Defendants' practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendants intentionally misclassified her as an independent contractor in order to avoid paying her a lawful minimum wage for all hours worked and an overtime premium for hours worked over forty each week.

57. Defendants made no reasonable efforts to ascertain and comply with applicable law.

58. Because Plaintiff was paid solely in tips, she incurred damages in each week that she was employed with Defendants.

59. Defendants knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiff violated the FLSA.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

63. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

64. Despite Plaintiff's entitlement to overtime wages, Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

65. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

66. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

67. Defendants unlawfully retained tips earned by Plaintiff.

68. Defendants knew or should have known that its actions violated the FLSA.

69. Defendants' conduct and practices, as described above, were willful.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chaiyla Davis respectfully prays that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its attendant regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid minimum and overtime wages under the FLSA and its attendant regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its attendant regulations;

D. An order directing Defendants to pay Plaintiff a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CHAIYLA DAVIS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
Admitted *Pro hac vice*
**LEAD COUNSEL FOR PLAINTIFF**

CRAIG HENRY PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968

Michele Henry
Ky. Bar No. 89199
mhenry@craighenrylaw.com
**LOCAL COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I, Sean Short, do hereby certify that a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was electronically filed with the Clerk for the U.S. District Court, Eastern District of Kentucky, Covington Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of Court an electronic copy thereof:

    Jack S. Gatlin, Esq.
    Joshua E. Panter, Esq.
    GATLIN VOELKER, PLLC
    50 E. Rivercenter Blvd., Suite 1275
    Covington, KY 41011
    Telephone: (859) 781-9100
    jgatlin@gatlinvoelker.com
    jpanter@gatlinvoelker.com

    */s/ Sean Short*
    **Sean Short**